PLUM BAYOU LEVEE DISTRICT v. HARPER.

Opinion delivered February 1, 1909.

LEVEES—POWER OF PRESIDENT OF LEVEE DISTRICT.—The president of an incorporated levee district has no implied power to agree to arbitrate a question as to the damages suffered by a landowner in the appropriation of his land for levee purposes.

Appeal from Pulaski Circuit Court, Second Division; *Edward W. Winfield*, Judge; reversed.

STATEMENT BY THE COURT.

The Legislature of 1905 laid off certain parts of Pulaski, Lonoke and Jefferson counties, in the State of Arkansas, into a levee district, for the purpose of erecting and maintaining a levee therein. The act provides that the directors named in it, and their successors in office, shall be a body politic and corporate by the name and style of Board of Directors of Plum Bayou Levee District, and by that name may sue and be sued, have perpetual succession for the purpose designated, and may do all other acts and things, not inconsistent with the laws of the State, which may be proper to carry into effect the purpose and object thereof. The power of eminent domain is conferred upon the district for the purpose of constructing the levee over the land of any individual, firm or corporation. Acts of 1905, p. 83.

During the year 1906, the said levee district constructed a levee across the lands of N. Harper. George Vaughan was employed by Harper to look after his claim against the levee district for damages caused by the erection of the levee on his land. Vaughan had a conversation over the telephone with Dr. Beakley, president of the levee district, about the claim, and it was agreed to arbitrate it. At a later date Vaughan met Dr. Beakley on Main Street in Little Rock, and he confirmed the telephone conversation and declared his readiness to take the matter up at any date convenient to Vaughan on a day's notice. Harper selected J. W. Foster as an arbitrator, and Dr. Beakley selected Morris to act for him. On the day set, January 17, 1908, accompanied by Mr. Foster, Vaughan went to the premises. Mr. Morris could not come, and W. A. McKenzie acted in his stead. He was accompanied by Mr. Eggleston, engineer of the levee dis-

trict, instead of Dr. Beakley. The two arbitrators proceeded to take testimony and to view the premises. They finally agreed that Harper had been damaged to the amount of four hundred dollars. They made a parol award for that amount, and this suit was brought by Harper to enforce it.

The above facts were alleged in the complaint and established by evidence at the trial. The answer of the levee district admitted that it was a corporation created by an act of the General Assembly of 1905, but denied all the other allegations of the complaint.

The levee district asked the court to direct a verdict for it, and saved exceptions to the refusal of the court to do so.

The levee district also excepted to the action of the court in giving the following instruction on its own motion: "If you find there was an arbitration of the differences of the Plum Bayou Levee District and the plaintiff by two arbitrators, one representing the district and one the plaintiff, and they agreed upon a sum, you will find for plaintiff in such sum."

The jury returned a verdict for the amount sued for, and the defendant has duly prosecuted an appeal to this court.

*W. F. Coleman,* for appellant.

The district is a public corporation (69 Ark. 286; 59 *Id.* 513), and the president cannot find it. The power is vested in the directors. Acts, 1905, p. 85; 62 Ark. 33, 41-2; 14 L. R. A. 356, 361; 2 Purdy's Beach on Private Corporations, § 793.

*Vaughan & Vaughan,* for appellee.

The president had power to bind the district. He was the managing director. Acts 1905, pp. 83-107; 44 Mich. 74, 76; 55 Cal. 273; 3 Clark & Marshall, Priv. Corp., §§ 707-8; 55 Fed. 265; 62 Ill. 493.

HART, J. (after stating the facts.) This appeal raises the question as to whether the president, in the absence of authority given him by the board of directors of the levee district, can make an agreement with a landowner for the amount of damages suffered by him for lands appropriated by the levee district for use in building its levee; for, if the power did not exist in the president to make such a contract, it follows that he had not authority to enter into an arbitration. The act itself prescribes the duties

of the president, and no such authority is given him by the terms of the act. That power is placed in the board of directors. The facts in this case are undisputed, and the record does not disclose that the board of directors delegated to the president the authority to act in respect to the matter in question. ·

"Those representing corporations and others desiring to acquire property must have due authority, or their acts will not bind their principals." 2 Lewis on Eminent Domain, § 289.

"The powers of the president and secretary of a business corporation to act for the corporation must be delegated and special, under Sandels & Hill's Digest, § § 1330-5, conferring the management of their business affairs upon "not less than three directors." *City Electric St. Ry. Co.* v. *First National Exchange Bank,* 62 Ark. 33.

Applying these principles of general agency, we are of the opinion that the acts of the president were unauthorized, and, not having been ratified by the board of directors, are not binding upon the levee district. Therefore it is ordered that the judgment be reversed, and the case dismissed without prejudice to the right of appellee to bring suits against the levee district under the statute for compensation for the lands appropriated by it in building its levee.